For the reasons assigned, the judgment appealed from is affirmed.

146 So. 26

## VICKERS v. TOERNER et al.

### No. 31335.

Jan. 3, 1933.

Rehearing Denied Jan. 30, 1933.

Borron, Hebert & Owen, of Plaquemine, and Charles T. Wortham, of Donaldsonville, for appellant.

C. C. Weber, of Donaldsonville, for appellees.

ROGERS, J.

The Consolidated Companies, Inc., sued the Toerner Service Company, Inc., on an open account and to have declared simulations a sale made by the Toerner Service Company to Mrs. Una Le Blanc Toerner and a sale made by Mrs. Una Le Blanc Toerner to Elmer Le Blanc. Mrs. Una Le Blanc Toerner and

Elmer Le Blanc were also made parties defendant.

The court below and this court found that the sale from the Toerner Service Company to Mrs. Una Le Blanc Toerner was a real transaction and not a simulation, and that it was no concern of plaintiff what Mrs. Toerner did with her property. Accordingly, judgment was rendered in favor of the Consolidated Companies, Inc., against the Toerner Service Company, Inc., for the amount of its claim on the open account, but rejecting its demand to have the sales declared to be mere simulations. See Consolidated Companies, Inc., v. Toerner Service Co., Inc., et al., 172 La. 294, 134 So. 96.

Thereafter, on application of the Consolidated Companies, Inc., R. S. Vickers was appointed receiver of the Toerner Service Company, Inc., and brought this suit against that corporation, Mrs. Una Le Blanc Toerner, Elmer Le Blanc, and the widow and heirs of Armand Boudier.

The present action involves a primary demand for the annulment of the sales attacked in the prior suit; an alternative demand that the $5,000 mortgage note of Elmer Le Blanc held by the widow and heirs of Armand Boudier be declared to be the property of the Toerner Service Company, Inc., and a further alternative demand that Mrs. Una Le Blanc Toerner be condemned to pay the Toerner Service Company, Inc., $3,-000, as the difference between the real value and the purchase price of the property acquired by her.

Numerous exceptions were filed by each defendant to the plaintiff's petition. Among the exceptions were exceptions of no right or cause of action and res judicata, which were sustained by the court below. Accordingly, plaintiff's demands were rejected, and he has appealed from the judgment.

It may be that the exception of res judicata is well founded as to the Consolidated Companies, Inc.; the plaintiff receiver being merely its alter ego in an attempt to renew its unsuccessful demand for the annulment of the sales to Mrs. Toerner and Elmer Le Blanc. But be that as it may, we think the court below was correct in sustaining the exception of no right or cause of action.

As shown in our decision in the previous litigation, the Consolidated Companies, Inc., did not become a creditor of the Toerner Companies, Inc., until some two years after the transactions of which it complains took place. Conceding that there are other creditors of the Toerner Service Company, Inc., there is nothing to show that their claims were in existence at the time Mrs. Toerner acquired the property. Plaintiff does not allege that there was any outstanding indebtedness against the Toerner Service Company, Inc. when it sold the property to Mrs. Toerner. Hence, since no creditor is in a position to complain of that sale, the receiver who represents the creditors is in no better position, and cannot complain of the sale. No stockholder, apparently, is objecting to the transaction.

Plaintiff argues that subsequent creditors may judicially question a prior disposition by a corporation of its property, where such disposition was clearly intended to operate as a fraud upon its creditors and would, of necessity, have no other effect. But the argument is not appropriate to plaintiff's ac-

tion, which is grounded, as shown by the allegations of the petition, on the alleged fraud committed by Mrs. Toerner in acquiring the corporation's property amounting to a withdrawal on her part from the capital stock of the value of the whole property or of a sum at least equal to the difference between its real value and the price at which she acquired it, in violation of her fiduciary relation to the corporation. And all the transactions complained of in plaintiff's petition were spread upon the public records, and could have been easily ascertained at the time any creditor represented by the plaintiff receiver began its business relations with the Toerner Service Company, Inc.

The only transactions violating the fiduciary relations existing between a corporation and its officers or directors that are subject to impeachment by creditors are those transactions that are entered into with the intent to hinder, delay, or defraud them. Plaintiff, by the allegations of his petition, has not brought his case within this rule.

We held in the previous case that the sale by the Toerner Service Company, Inc., to Mrs. Una Le Blanc Toerner was a real transaction. What the purchaser did with her property does not concern the subsequent creditors of the vendor. Hence the plaintiff receiver, as the representative of such creditors, cannot question the sale by Mrs. Toerner to Elmer Le Blanc, nor the mortgage placed by Le Blanc on the property thus acquired by him.

For the same reason, plaintiff is not concerned with the consideration ($2,000 cash and $5,000 mortgage note) set forth in the sale from Mrs. Toerner to Le Blanc. The

fact that the recited consideration for that sale exceeds by $3,000 the recited consideration for the sale by the Toerner Service Company, Inc., to Mrs. Toerner is immaterial. Mrs. Toerner and Le Blanc were at liberty to stipulate any amount they saw fit as the consideration for the contract between themselves.

For the reasons assigned, the judgment appealed from is affirmed.